OPINION
Appellant, Kelly G. Bitsko, appeals the judgment entry of the Mentor Municipal Court finding him guilty of drug abuse, in violation of Ordinance 130.01 of the city of Mentor.
On September 2, 1998, appellant was riding as a passenger with Mary Ryan ("Mary") and Nikole Abbott ("Nikole"). They drove to a Sunoco gas station on Route 615, in the city of Mentor, Lake County, Ohio. When Mary and Nikole exited the vehicle, two males began making rude and obscene gestures toward them. Appellant approached the two men and became involved in a discussion with them about their comments.
While appellant was talking to the two men, Officer Ken Zbiegien ("Officer Zbiegien") was driving by and observed one of the two men that appellant was talking to was urinating in public. Officer Zbiegien pulled into the gas station and proceeded to arrest the man for his urinating activities. Officer Zbiegien then approached the vehicle and noticed that appellant was standing just outside the open front passenger door and speaking to the driver, while another person was seated inside the driver's seat. Upon approaching the vehicle, Officer Zbiegien saw that there were two open containers of alcohol in the driver's hands. The driver was then arrested for having an open container.
During Officer Zbiegien's encounter with the driver, Officer Phil Croucher ("Officer Croucher") arrived at the scene and was told by Officer Zbiegien that there were three men at the location, one who had been urinating, one who had two beers in his hands, and a third, appellant, who was talking to the driver. Because Officer Zbiegien thought that one of the beers might have belonged to appellant, he asked Officer Croucher to request identification from appellant. Officer Croucher then asked appellant for his name and social security number, which appellant provided. A computer check of appellant's information quickly revealed that he had an outstanding warrant for a failure to appear in Eastlake. After learning that the Eastlake police were going to pick appellant up, Officer Croucher placed him under arrest and performed a search of his person. The search disclosed a small plastic bag in appellant's right front pocket containing marijuana.
After the discovery of the marijuana, appellant was charged with drug abuse, in violation of Ordinance 130.01 of the city of Mentor. Appellant pleaded not guilty and the matter was set for trial. On November 2, 1998, a hearing was held on appellant's motion to suppress the evidence. On that same day, appellant's counsel filed a motion for continuance of the suppression hearing on the basis that Nikole was unavailable as a witness due to the fact that the night before she was taken to the hospital with a bleeding problem. The trial judge ruled that he would defer the issue of whether to grant the continuance until the conclusion of the suppression hearing. At the end of the hearing, appellant's motion for continuance was overruled. Appellant's motion to suppress also was overruled.
After his motion to suppress was overruled, appellant changed his plea to no contest. In a judgment entry filed on April 30, 1999, the trial court found appellant guilty as charged, which constituted a misdemeanor of the fourth degree. Appellant was ordered to pay a fine of $250 plus court costs, was sentenced to thirty days in jail, and was put on probation for six months.
Appellant now timely appeals the trial court's judgment and raises the following assignments of error:
 "[1.] The Trial Court erred to the prejudice of the Appellant in denying his Motion for a Continuance of the Suppression Hearing. [sic]
 "[2.] The Trial Court committed prejudicial error to the prejudice of the Appellant when it overruled and denied his Motion to Suppress Evidence. [sic]
 "[3.] The Trial Court committed prejudicial error when it overruled and denied Appellant's Motion to Suppress as Appellant was not advised of his Miranda rights." [sic]
In the first assignment of error, appellant claims that his motion for a continuance should have been granted because Nikole was a key witness and was unavailable solely due to having to go to the hospital the preceding night.
The decision to grant or deny a continuance is entrusted to the sound discretion of the trial court, and will not be reversed on appeal absent an abuse of discretion. State v. Bayless (1976),48 Ohio St.2d 73, 101. Whether the trial court should grant a continuance depends upon the facts and circumstances of the particular case and whether a denial would lead to an identifiable prejudice. State v. Lawrinson (Dec. 13, 1991), Lake App. No. 90-L-15-096, unreported, at 6.
In the instant matter, the trial judge determined that he would not grant appellant's motion for continuance because the absent witness, Nikole, who was appellant's fiancé, would not have testified to the events any differently than was done by appellant. Consequently, there has been no identifiable prejudice to appellant's case. Therefore, appellant's first assignment of error is meritless.
In the second assigned error, appellant avers that the stop and detention of him by the police officers was unconstitutional. Appellant states that he was not with the other two individuals and only was standing there when the police came. Thus, appellant believes that he should not have been detained and questioned; rather, he believes he should have been left to go on his own way.
Pursuant to Terry v. Ohio (1968), 392 U.S. 1, 21, police officers may make an investigatory stop of an individual only when he or she is "able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Moreover, a court reviewing the officer's actions and observations must give due weight to his or her experience and training and view the evidence as it would be understood by those in law enforcement. State v. Evans (1993),67 Ohio St.3d 405, 410. Also, the test to be applied in determining whether an investigatory stop was appropriate is the "totality of the circumstances." State v. Bobo (1988), 37 Ohio St.3d 177, 178. As part of an investigatory stop, police officers may request a person's identification.
Assuming arguendo that the encounter between appellant and Officer Croucher was not consensual, the stop and detention of appellant was constitutional because appellant was in very close proximity and in conversation with the two individuals whom Officer Zbiegien was in the process of arresting. In the totality of the circumstances, it was reasonable for Officer Zbiegien to instruct Officer Croucher to initiate an investigatory stop on the basis that he had seen two beers in the hands of the driver of the automobile and wanted to know if one of the beers was appellant's. During the stop of approximately two minutes, which is of reasonably short duration, Officer Croucher simply requested appellant's identification, which appellant voluntarily supplied without refusal. In an investigatory stop, police officers may ask for identification. When the information was checked by police computers, it was revealed that appellant had a warrant out for his arrest. At that point, Officer Croucher could initiate a custodial arrest of appellant, which he did.
The facts of this case are such that Officer Croucher's stop and detention of appellant was constitutional. Accordingly, appellant's second assignment of error is not well-taken.
Appellant, in his third assignment of error, states that neither Officer Zbiegien or Officer Croucher read him his Miranda
rights prior to placing him under arrest and searching his person. Consequently, appellant claims that the marijuana found in his right front pocket was in violation of his Miranda rights and should have been suppressed.
In Miranda v. Arizona (1966), 384 U.S. 436, 478, the United States Supreme Court held that "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the privilege against self-incrimination is jeopardized." In order to protect the privilege against self-incrimination, a suspect placed under arrest must be given his "Miranda rights" prior to any interrogation by law enforcement. Id. at 478-479.
In the instant matter, appellant argues that his conviction for drug abuse must be overturned because the police discovered marijuana in his pants pocket after he was arrested and before hisMiranda rights were read to him. This argument must fail because the protections afforded by Miranda only apply to oral or written statements made when a defendant is interrogated by law enforcement officials while in police custody. State v. Palmer (1997),80 Ohio St.3d 543, 558; Lakewood v. Waselenchuk (1994),94 Ohio App.3d 684, 697. Miranda and the privilege against self-incrimination do not apply to protect a defendant from being compelled to produce real or physical evidence. Pennsylvania v. Muniz
(1990), 496 U.S. 582, 588-589.
In the case sub judice, the police discovered physical evidence, which is outside the scope of Miranda pursuant to the United States Supreme Court's decision in Muniz. Moreover, the request for appellant's identification prior to reading him his Miranda rights does not require us to reverse his conviction because asking for one's identification is different than interrogating an individual about events that would result in that person incriminating himself or herself, which Miranda was designed to protect against.
Finally, the search of appellant's front pocket occurred after his arrest and was proper under United States v. Robinson (1973),414 U.S. 218. In that case, the defendant was placed under arrest after being found driving with a revoked operator's permit, which required a mandatory minimum jail sentence. In taking the defendant into custody, a police officer conducted a field search of the defendant's person, which included an examination of the contents of all pockets. During the search the officer found a crumpled-up cigarette package in the defendant's coat, opened it, and found heroin. The Supreme Court upheld the constitutionality of the search on the basis that a search of a person incident to arrest is supported by probable cause. Id. at 235.
On the facts of the case currently before this Court, appellant's person was searched after police discovered he had a warrant for his arrest. The facts further show that while police were taking appellant into custody they performed a search which ultimately uncovered marijuana in his front pants pocket. The search of appellant is identical to the search performed in Robinson. Accordingly, the finding of the marijuana did not offend any constitutional safeguards. Thus, appellant's third assignment of error is not well-founded.
For the foregoing reasons, appellant's assignments of error are without merit and the judgment of the Mentor Municipal Court is affirmed.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.